IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**DALINDA C. MINTON**,

       Plaintiff,                                    No. 3:10-cv-6165-MO

       v.                                            OPINION AND ORDER

**MICHAEL J. ASTRUE, Commissioner of Social Security**,

       Defendant.

       **MOSMAN, J.**,

Dalinda Minton challenges the Commissioner's decision denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") disability benefits. This Court has jurisdiction under 42 U.S.C. § 405(g). For the reasons stated below I affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

On February 26, 2007, Ms. Minton filed for DIB and SSI under Titles II and XVI of the Social Security Act. AR 9. These applications were denied initially on October 17, 2007, and upon reconsideration on May 1, 2008. *Id.* An administrative law judge ("ALJ") held a hearing on May 12, 2009. *Id.* On November 2, 2009, the ALJ issued her decision denying Ms. Minton's applications. AR 19. The Appeals Council denied review on April 23, 2010, making the ALJ's decision the final decision of the Commissioner. AR 1. Ms. Minton timely appealed to this Court June 24, 2010.

OPINION AND ORDER - 1

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). At Step One the ALJ found that Ms. Minton had not engaged in substantial gainful activity since the alleged onset date of July 31, 2004. AR 11. At Step Two the ALJ found that Ms. Minton suffered from cervical degenerative disc disease, status post fusions C5-6, fibromyalgia, and borderline intellectual functioning. AR 11. Continuing to Step Three, the ALJ found that the combination of impairments does not meet or equal a disorder listed in the Commissioner's regulations. AR 13.

The ALJ next evaluated Ms. Minton's residual functioning capacity ("RFC"), finding that she could perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except "she may not climb ladders, ropes, or scaffolds; she may only occasionally climb ramps and stairs, crouch, stoop, bend, kneel, and crawl; she may not perform any work at or above shoulder level or overheard; she must be allowed to alternate sitting and standing at will; and she may not have any exposure to hazards or moving equipment or perform any tasks more complex than one to three steps." AR 13–14. At Step Four the ALJ found that Ms. Minton had no past relevant work experience. AR 17.

The ALJ continued to Step Five, relying upon testimony from the vocational expert to find that Ms. Minton could work as a pricer of wrapped goods or a sorter of soft goods, and that these jobs existed in significant numbers in the national economy. AR 18. Based on the Step Five finding, the ALJ denied benefits. AR 18–19.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that the ALJ's findings are supported by substantial evidence in the record.

OPINION AND ORDER - 2

42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. Finally, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

## DISCUSSION

Ms. Minton's brief focuses on four issues: (1) Whether the ALJ improperly rejected the opinion of Dr. Anthony Dodson, Ms. Minton's treating physician; (2) whether the jobs identified by the VE exceed the RFC; (3) whether the ALJ improperly ignored lay witness testimony offered by Jeff Coker; and (4) whether the ALJ improperly found Ms. Minton not credible.

### I.    Dr. Dodson's Testimony

Ms. Minton's first challenge is that the ALJ improperly rejected the opinion of her treating physician, Dr. Dodson.

If a treating doctor's opinion "is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating doctor's opinion is contradicted by another doctor, the Commissioner must give "specific and legitimate reasons" that are "supported by substantial evidence in the record" before rejecting it. *Id.* "The opinion of a nonexamining physician cannot by itself constitute substantial evidence

OPINION AND ORDER - 3

that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. Dr. Dodson's opinion was contradicted by two doctors, AR 16, so the ALJ was required to give specific and legitimate reasons that are supported by substantial evidence in the record.

Dr. Dodson's opinion concluded that Ms. Minton's fibromyalgia is "more severe than most" and "would cause her to miss multiple days of work per month." AR 421. Dr. Dodson explained that the "cardinal manifestation of fibromyalgia is diffuse musculoskeletal pain." *Id.* In rejecting Dr. Dodson's opinion, the ALJ discussed Ms. Minton's own admissions that her pain was "relatively mild" and that she "does better when she is active." AR 15. The ALJ also found that Dr. Dodson's opinion conflicts with his treatment records and evaluation of Ms. Minton's daily activities. AR 16. Finally, the ALJ found that Dr. Dodson's opinion was internally inconsistent, finding that she would not be able to work because of pain, but also noting that her pain was "very mild." AR 16. Because the ALJ gave several specific and legitimate reasons that were supported by the record, the ALJ did not err by rejecting Dr. Dodson's testimony.

## II.     Jobs Identified By the VE

The RFC identified by the ALJ prohibited "any work at or above shoulder level or overhead." AR 13. Ms. Minton points out that one of her doctors actually recommended against all types of reaching, not just shoulder-level reaching. Pl.'s Op. Br. [16] 11. Ms. Minton claims this restriction would prohibit her from performing any of the jobs identified by the VE.

Ms. Minton does not challenge the ALJ's rejection of this doctor's testimony—she merely argues that the ALJ misspoke by saying "shoulder-level work" instead of "reaching altogether." *Id.* Ms. Minton cites no authority that would allow me to rewrite the RFC to be what she believes the ALJ meant to say rather than what the ALJ actually said, and I decline to do so.

OPINION AND ORDER - 4

Ms. Minton further argues that even under the ALJ's stated RFC, she could not perform the jobs identified by the VE. The VE identified several jobs, but the parties focus on two: a pricer of wrapped goods and a sorter of soft goods. AR 18. Commissioner concedes that Ms. Minton cannot work as a pricer of wrapped goods, Def.'s Br. [17] 21, so the only remaining issue in the briefing is whether Ms. Minton can work as a sorter of soft goods given that she cannot "work at or above shoulder level."

The Dictionary of Occupational Titles ("DOT") does not have an entry for "sorter of soft goods," but along with the title, the VE provided a DOT citation, which points to "garment sorter," and which the parties agree is the occupation the ALJ analyzed. Ms. Minton points out that a garment sorter requires frequent reaching. Pl.'s Br. [16] 11. She argues that her case should be remanded to determine whether the occupations identified by the VE comply with her RFC, which prohibits reaching at shoulder level. *Id.* I agree. While the DOT expressly lists overhead reaching, there is no evidence that it discusses reaching at shoulder level. I remand to allow the ALJ to determine whether the occupations listed by the VE are within Ms. Minton's RFC.

### III.     Lay Witness Testimony by Mr. Coker

Ms. Minton next argues that the ALJ improperly neglected to address lay testimony by Jeff Coker. Mr. Coker, who is Ms. Minton's former employer, explained in a letter that he had fired her because she was late to work too many times. AR 222. Ms. Minton argues that this supports Dr. Dodson's opinion that she would miss more than two days of work per month. Pl.'s Op. Br. [16] 12.

The Commissioner argues that any error here was harmless. Def.'s Br. [17] 15. An ALJ may not selectively read the record, but need not discuss evidence that is neither significant nor probative. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). A court may not find

OPINION AND ORDER - 5

omission of lay testimony harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Because no reasonable ALJ could have reached a different disability determination due to this letter, I find that the error was harmless.

This letter does not specifically address any of Ms. Minton's impairments. Ms. Minton argues that the ALJ could have reasonably inferred that her fibromyalgia caused her pain which made her late to work. But this inference is unreasonable in light of her treating doctor's notes stating that her pain was "very mild," AR 16, and Ms. Minton's own admissions that her pain was "relatively mild," that she "does better when she is active," and that medication controlled her pain well, and without significant side effects. AR 14, 15. Because this letter does not create any inference the ALJ could reasonably rely on, the ALJ did not err by failing to comment on it.

## IV.    Ms. Minton's Credibility

Finally, Ms. Minton argues that the ALJ improperly determined she was not credible based on the RFC, rather than first determining her credibility and then determining the RFC based on her credibility finding.

An ALJ must consider all symptoms and pain which "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce the pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the

OPINION AND ORDER - 6

ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir.1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284.

The ALJ made several specific findings regarding Ms. Minton's credibility. The ALJ found that Ms. Minton's testimony that she cared for her mother only during 2001 and 2003 contradicted her reports to her doctor that she cared for her mother until late 2007. AR 14. The ALJ found that Ms. Minton's testimony that she could not cook or clean was contradicted by the record, which shows that she took care of daily cooking and cleaning for herself and others. AR 14. The ALJ found that Ms. Minton's testimony was contradicted by her daily activities, her employment history and her reports to her doctor about pain. AR 14–15.

The ALJ's credibility determination was based on clear and convincing reasons supported by specific findings in the record, so she did not err by finding Ms. Minton was not credible.

## CONCLUSION

The Commissioner's decision AFFIRMED IN PART AND REMANDED IN PART to determine whether the occupations discussed by the VE comply with Ms. Minton's RFC.

IT IS SO ORDERED.

DATED this __3rd__ day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

OPINION AND ORDER - 7